UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELDON JAMES McDONALD,

        Petitioner,

v.                                                             CASE NO. 12-13280
                                                               HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Sheldon James McDonald has filed a *pro se* habeas corpus petition challenging his Kalkaska County convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(b), second-degree murder, Mich. Comp. Laws § 750.317, first-degree child abuse, Mich. Comp. Laws § 750.136b(2), and obstruction of justice, Mich. Comp. Laws § 750.505. Petitioner alleges that he was sentenced to life imprisonment and that the Michigan Court of Appeals affirmed his convictions in an unpublished decision. On April 25, 2011, the Michigan Supreme Court denied leave to appeal. *See People v. McDonald*, 489 Mich. 898 (2011) (table).

      Petitioner filed his habeas corpus petition on July 25, 2012. He alleges that his first-degree murder conviction violates due process of law because his trial attorney failed to request a proper jury instruction on the elements of first-degree murder.[1]

      Petitioner raised the same claim and challenged the same 2009 Kalkaska County

---

[1] It is unclear from the pleading whether Petitioner intended to raise additional issues, because pages 6 through 9 of the form are missing.

convictions in a habeas petition filed on July 23, 2012. *See McDonald v. Rapelje*, No. 12-13228 (E.D. Mich. July 23, 2012). Although the two petitions have different formats,[2] they essentially duplicate one another.

> When faced with duplicative lawsuits, a federal court
>
> may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *Smith v. SEC,* 129 F.3d 356, 361 (6th Cir. 1997).
>
> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138-39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.,* 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original).

The Court has no authority to enjoin the parties from proceeding in Petitioner's other habeas case because that case is assigned to another judge. And there is no point in staying this case or allowing it to proceed, because the issue will be resolved in the other case, which was filed two days before this case.

Accordingly,

IT IS ORDERED that this case is summarily **DISMISSED** without prejudice. This dismissal is pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which requires district courts to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."

---

[2] The petition in this case was submitted on a form with handwritten answers to the questions, whereas the previous petition does not make use of a form. It is typewritten and supported by a brief, and it contains two additional claims.

IT IS FURTHER ORDERED that the Court **DENIES** a certificate of appealability and leave to proceed *in forma pauperis* because reasonable jurists would not debate whether the petition should have been resolved differently or whether Petitioner's claim deserves encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2012, by electronic and/or ordinary mail.

s/Shawntel Jenkins for Ruth A. Gunther
Case Manager